UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LABRONX MENTION,

    Plaintiff,

v.                                                 Case No: 8:23-cv-00146-TPB-AEP

OKINUS, INC.

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S "MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION"

This matter is before the Court on Defendant's "Motion to Stay Proceedings and Compel Arbitration," filed on January 25, 2023. (Doc. 7). On February 14, 2023, Plaintiff filed a response in opposition to the motion. (Doc. 12). On February 27, 2023, Defendant filed a reply. (Doc. 15). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

### Background

Plaintiff Labronx Mention alleges he purchased furniture from Defendant Okinus, Inc., under a financing arrangement that Defendant falsely styled as a rental purchase agreement rather than a loan to evade Florida's usury laws. Plaintiff filed suit against Defendant in state court in Hillsborough County, Florida, under the Florida Consumer Collection Practices Act, the Florida Civil Remedies for Criminal Practices Act, the Electronic Fund Transfer Act, the Truth in Lending Act, and unjust enrichment. Defendant removed the action to this Court.

Defendant has filed a motion to stay the action and compel arbitration based on an arbitration provision in the parties' agreement.  In his response, Plaintiff does not dispute the validity of the arbitration agreement in general or that his claims are subject to arbitration.  Plaintiff, however, expresses a concern that if Defendant prevails in the arbitration, it will seek to recover its attorney's fees as the prevailing party under fee provisions in the arbitration provision.  Plaintiff argues that the statutes under which he filed suit are remedial statutes that either provide for a fee award only to a prevailing plaintiff, or require a prevailing defendant seeking fees to show the plaintiff's claim was frivolous or in bad faith.  Plaintiff argues that applying the prevailing party fee provision to his statutory claims would defeat the purpose of these remedial statutes, and is therefore void as against public policy.  Plaintiff argues the Court should sever the agreement's fee provision and compel arbitration without it, or should make clear that Defendant can seek fees solely under the standards provided under the applicable statutes.

## Analysis

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, "embodies a liberal federal policy favoring arbitration agreements." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005).  Under the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract." 9 U.S.C. § 2.  In other words, arbitration agreements are contracts, and the rules governing their validity are the same as for other contracts.  *See Morgan v. Sundance, Inc.*, 142 S. Ct. 1708,

1713 (2022).  State contract law generally governs whether an arbitration agreement is valid and enforceable.  *Caley*, 428 F.3d, at 1368.

Neither party disputes that they agreed to arbitration or that Plaintiff's claims are arbitrable.  Plaintiff argues, however, that the agreement's fee-shifting provision is unenforceable.  Plaintiff argues that a contractual provision that defeats the purpose of a remedial statute violates public policy and is thus unenforceable, *see, e.g.*, *McKenzie Check Advance of Florida, LLC v. Betts*, 112 So. 3d 1176, 1183 (Fla. 2013), and that a prevailing party fee-shifting provision would defeat the purpose of the remedial statutes under which Plaintiff has sued, because the statutes provide for prevailing party fees only for the plaintiff.  *See Lichtman v. Bar Educ., Inc.*, No. 8:21-cv-1370-VMC-AEP, 2021 WL 4478249, at * 3-4 (M.D. Fla. Sep. 30, 2021).  Plaintiff therefore asks that the Court in compelling arbitration either sever the fee provision or clarify that Defendant may recover fees only to the extent fees would be available under the statutes on which Plaintiff filed suit.

The fee-shifting provision in this case, however, does not defeat the purpose of any of these statutes.  The relevant provisions state that *"[u]nless prohibited by law*, the arbitrator may award fees, costs, and reasonable attorneys' fees to the party who substantially prevails in the arbitration," and that "[t]he arbitrator has the ability to award *all remedies available* by statute, at law, or in equity to the prevailing party." (emphasis supplied).  Thus, the agreement only allows an award of attorney's fees where the law so permits.  To the extent the law does not permit a defendant to collect attorney's fees from a plaintiff suing under a remedial statute

merely upon prevailing, neither does the parties' agreement.  The Court also understands from Defendant's reply that Defendant agrees it can only recover fees in the arbitration on Plaintiff's statutory claims to the extent it would be able to do so under the statutes themselves.  Finally, as Defendant also notes, Plaintiff has brought a common law unjust enrichment claim, and Plaintiff points to no statute or public policy that limits the legality of the fee-shifting provision as to that claim.

Because the parties' agreement, by its own terms, conforms to the law, and in light of Defendant's agreement regarding its ability to recover fees as set forth above, the Court will grant the motion to compel arbitration and will not sever the fee provision.  Defendant, however, may only recover its fees if it prevails on Plaintiff's statutory claims to the extent a fee award is authorized under those statutes.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant's "Motion to Stay Proceedings and Compel Arbitration" (Doc. 7) is **GRANTED**.  The parties shall submit the claims in this case to arbitration in accordance with their agreement.

(2) This case is **STAYED** pending the completion of arbitration, and the parties are directed to notify the Court upon resolution of the arbitration proceedings.

(3) The Clerk is directed to terminate all pending motions and deadlines, and

thereafter administratively close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of March, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**